ON MOTION TO DISMISS THE APPEAL
McCALEB, Chief Justice.
This case is before us on a motion to dismiss an appeal taken by the plaintiffs, Morris Jacobs, James Ii. Ware and W. G. Latimer from a judgment adverse to them.
In a petition filed on August 23, 1971, plaintiffs sought to have declared unconstitutional certain statutes (hereafter discussed) which authorize the imposition of local sales and use taxes by the governing authorities of the Cities of Baton Rouge and Baker and the Parish of East Baton Rouge,[1] without prior approval of the voters of those political subdivisions. Also attacked as invalid are the ordinances passed by the respective governing bodies, which levy sales and use taxes pursuant to the said statutes.
*345 In the petition plaintiffs show that general legislation on the subject of the imposition of sales and use taxes locally, as well as special statutes dealing with particular political subdivisions, all require voter approval by the electors thereof,[2] except that by Act 559 of 1970 and Act 334 of 1946 (the “Home Rule” charter of the City of Baton Rouge) the legislature has permitted the governing bodies of only the defendant subdivisions to levy a sales and use tax without voter approval. And they charge that such exception is illegal because it operates unfairly and unconstitutionally discriminates against them as residents of those political subdivisions, and against all other persons similarly situated.
The petition further alleges that on June 30, 1971, the City of Baton Rouge and East Baton Rouge Parish authorized the issuance and sale of bonds to be secured by the residue, or surplus, of the general alimony tax, under'the provisions of R.S. 39:1101-1129, and that the resolutions authorizing the issuance of the bonds are invalid for the reason that, if the collection of the contested sales tax is illegal, as alleged, then there is no legal surplus from the alimony tax to fund into bonds. However, by amended pleadings, the assertions in paragraphs seven and eight, anent the illegality of the bond ordinances, were deleted from the petition, leaving for consideration-'only the claim that the sales tax ordinances and the statutes authorizing them are invalid.
The defendants answered and thereafter filed an exception of no cause of action. The exception was sustained,[3] the suit dismissed and this appeal followed.
The judgment of the district court was rendered and signed on November 29, 1971. The devolutive appeal was granted on February 14, 1972.
When the transcript was lodged in this Court defendants filed this motion to dismiss the appeal averring that it was not applied for[4] within the time prescribed by *347 law. The motion is founded on R.S. 13 :- 4452 which provides:
“An appeal from a judgment in a case involving the validity of bonds * * * or of taxes or assessments necessary to pay the principal and interest thereon, can be taken only within thirty days of the applicable date provided in Article 2087(1-3) of the Code of Civil Procedure.” (Emphasis curs.)
Plaintiffs do not deny that the appeal was not applied for within the time provided in R.S. 13:4452. They contend, however, that the article is not applicable because the validity of the bonds is not at issue in the suit; and that, since the assailed sales tax is not “dedicated" to the payment of the bonds, this appeal does not fall within the ambit of R.S. 13 :4452.
Defendants concede that the suit, in its present posture, does not involve the validity of the bonds; that it is not directed against the legality of the alimony tax, the surplus of which is dedicated to the payment of the bonds and interest thereon, and also that the sales tax (which is assailed) is not “dedicated” or pledged to retire the proposed bonded indebtedness. Nevertheless, they point out that this is not determinative of the applicability of R.S. 13:4452 to the case. For, if the plaintiffs’ suit is successful, and the income derived from the sales tax were to be terminated, then there would be no surplus funds to pay off the bond obligation. From this premise, it is argued, the assailed sales taxes are “necessary" to pay the principal and interest on the bonds, even though they are not so specifically “dedicated”, and that, therefore, the time for taking an appeal in this suit is governed by the provisions of R.S. 13:4452.
We think the contention of defendants is sound. Paragraph 5 of plaintiffs’ petition, which is admitted in the answer, sets forth that the statements of revenues of the City of Baton Rouge and of East Baton Rouge Parish, on which the bond ordinances are based, disclose that the contemplated revenue from the sales taxes was taken into consideration in computing the financial situation of the City and the Parish to determine whether there would be surplus alimony taxes, and it is further alleged that “without the said contemplated sales and use tax revenues there would exist no excess of estimated revenues to the current year of 1971 over and above statutory and ordinary charges of either subdivision.”
It is obvious, therefore, as argued by defendants, that the sales taxes are “necessary to pay the principal and interest” on the bonds although not dedicated or pledged for that purpose. It is to be observed that *349 R.S. 13:4452 does not require that the tax assailed be “dedicated” to the payment of bonds, in order for the thirty-day provision to apply, but only that they should be “necessary to pay the principal and interest thereon.”
In their brief in opposition to the motion to dismiss the appeal, plaintiffs point out that the plaintiff Jacobs is a resident of the City of Baker; that Baker has issued no bonds which might be affected by the loss of sales tax revenues and that, therefore, the appeal, insofar as it applies to the tax levied in the City of Baker, is not prescribed by R.S. 13:4452.
However, Jacobs’ suit was not filed separately, and then consolidated with the others, for the purposes of trial. It was cumulated with the demands of the other plaintiffs in one suit. All joined in one appeal from one judgment. We must take note of the salutory purpose underlying the provisions of R.S. 13:4452 — which is to provide for a speedy determination of matters involving bonds so as to facilitate their marketability. This is of extreme importance to the fiscal administration of all governing bodies. We should not, and will not, permit the joining of other parties, not similarly situated, in a suit affecting the stability and saleability of such bonds to defeat the legislative design in this respect.
For the reasons assigned, the appeal is dismissed at plaintiffs’ cost.

. These cities and the parish are the de- • fendants herein. All plaintiffs are domiciled in East Baton Rouge Parish; Jacobs is also a resident of Baker and Ware is a resident of Baton Rouge.

. Among the enactments cited by plaintiffs are R.S. 33:2711-12 (Act 2S5 of 1950, as amended) ; R.S. 33:2721-22 (Act 50 of 1957, as amended) ; Act 29 of Ex.Sess. of 1984; Acts 40 and S3 of 1968; and Act 98 of 1970.

. The district court’s ruling is founded principally on our decision in Liter v. City of Baton Rouge, 258 La. 175, 245 So.2d 398, in which it was held that Act 559 of 1970 and Act 334 of 1946 validly delegated to the governing bodies of Baton- Rouge and East Baton Rouge Parish the authority to levy a sales and use tax without submitting the issue to a vote of the electors. However, although numerous grounds of invalidity were urged and found not tenable, the precise question raised in this law suit -was not presented.

.Defendants have also filed a “peremptory exception of prescription” in which they plead “all prescriptive periods applicable to the present appeal and particularly the prescriptive period of' R.S. 39:1126.” The cited provision relates to the time granted for the filing of suits to contest the legality of bond issues *347 and, or, their supporting tax. It is not relevant to the issue of whether or not the appeal is timely, and would properly be considered only on a hearing of the merits of the appeal.