318 So.2d 23 (1975)
The SOUTHLAND CORPORATION, Plaintiff-Appellee,
v.
The COLLECTOR OF REVENUE, FOR the State of LOUISIANA, Defendant-Appellant.
No. 56280.
Supreme Court of Louisiana.
September 5, 1975.
Edwin M. Callaway, Baton Rouge, for defendant-appellant.
John S. Thibaut, Jr., Thibaut & Thibaut, Baton Rouge, for plaintiff-appellee.

On Motion To Dismiss The Appeal
TATE, Justice.
Pursuant to the plaintiff Southland's prayer, the district court gave judgment declaring unconstitutional an amendment by Act 414 of 1974 to La.R.S. 47:842(5) (1950). The statute so amended establishes and regulates the collection of a tobacco tax. La.R.S. 47:841-869 (1950). The defendant Collector appeals to this Court.
The final judgment was rendered on March 11, 1975, after the effective date of the Constitution of 1974 (i.e., January 1, 1975). The parties do not dispute that the 1974 constitution provision for the appellate jurisdiction of this court, Article V, Section 5(D)[1], applies, not the provision of our 1921 constitution[2] replaced by it.
Under the 1921 constitution, this court had direct appellate jurisdiction of all cases in which the constitutionality or legality *24 of a tax was contested, as well as of all cases in which a statute or ordinance was actually declared unconstitutional. La.Const. of 1921, Art. VII, Section 10(1) and (2) (quoted in full in footnote 2). By the 1974 constitution, however, a case is appealable directly to this court (rather than to the court of appeal) only if "a law or ordinance has been declared unconstitutional", La.Const. of 1974, Art. V, Section 5(D)(1) (quoted in full in footnote 1) the former provision was omitted that tax contests were directly appealable (i.e., whether or not the trial court invalidated the tax by its judgment).
Based on this repeal by omission, the plaintiff Southland argues that the constitutional intent was to deprive this court of initial appellate jurisdiction of all cases in which the constitutionality of a tax is contested.
We are unable to agree. The change intended was only to provide that the mere attack upon a tax did not assure immediate direct review by this court of any judgment in the case. Thus, allegations that a tax is unconstitutional do not grant this court appellate jurisdiction.
However, when the trial court judgment actually declares a tax statute unconstitutional (or any statute or ordinance), the unambiguous language of the 1974 constitution provides: "* * * a case shall be appealable to the supreme court if (1) a law or ordinance has been declared unconstitutional * * *" Article V, Section 5(D). We see no intent by the 1974 constitution to exempt from this explicit provision instances where tax statutes are declared unconstitutional.
Here, a statute of this state has been declared unconstitutional. Direct appeal to this court was proper. The motion to dismiss is denied.
Motion to dismiss the appeal denied.
NOTES
[1] La.Const., Art. V, Section 5(D) (1974) provides:

"In addition to other appeals provided by this constitution, a case shall be appealable to the supreme court if (1) a law or ordinance has been declared unconstitutional; (2) the defendant has been convicted of a felony or a fine exceeding five hundred dollars or imprisonment exceeding six months actually has been imposed * * *"
[2] La.Const. Art. VII, Section 10 (1921) pertinently provides:

"The following cases only shall be appealable to the Supreme Court:
(1) Cases in which the constitutionality or legality of any tax, local improvement assessment, toll or impose levied by the state or by any parish, municipality, board or subdivision of the state is contested;
(2) Cases in which an ordinance of a parish, municipal corporation, board or subdivision of the state, or a law of this state has been declared unconstitutional; * * *"