SARTAIN, Judge.
This matter is before us on a motion filed by defendant seeking to have plaintiff’s appeal herein dismissed as untimely. We sustain defendant’s motion for reasons hereinafter stated.
The record before us shows that on December 13, 1975, pursuant to resolution adopted by the Parish School Board of Ter-rebonne and subsequently approved by the State Bond Commission, a special election was held in the Parish of Terrebonne. At that time, the majority of voters who voted therein approved a %% sales tax on goods and services, which tax was dedicated for various uses in the Terrebonne Parish Pub-lie School System. The following language concluded the approved proposition:
“. . . and further shall the avails or proceeds of the tax be subject to funding into negotiable bonds by the Terrebonne Parish School Board, maturing over a period not exceeding twenty (20) years from date thereof, in the manner provided in Act No. 21 of the First Extraordinary Session of the Legislature of Louisiana for the Year 1975, for the purpose of acquiring, constructing and installing air conditioning equipment and facilities in the public schools of said Parish?”
On January 21, 1976 plaintiff, a taxpayer and registered voter in the Parish of Terre-bonne, filed suit seeking to have the election set aside and declared to be without legal effect on allegations that a portion of the sales tax would, pursuant to the approved proposition, be used for capital improvements in contravention of our laws. The trial judge subsequently ruled in favor of defendants upholding the legality of special election in judgment signed on January 30, 1976. Plaintiff filed his motion and bond for a devolutive appeal on April 14, 1976.
Defendants argue herein that the above appeal was untimely inasmuch as it was not filed within the delays prescribed by R.S. 13:4452 (30 days), or in the alternative, the delays found in R.S. 13:5128 (10 days). Plaintiff acknowledges and the record so indicates that his appeal was not filed within the above mentioned delays. However, plaintiff argues this appeal was taken within the 90 day limitation enunciated in La.C. C.P. Art. 2087.
Thus, the sole issue presented here is whether this controversy falls within the subject matter described in either R.S. 13:4452 or 13:5128. If so, the appeal must be dismissed as untimely; otherwise, appellant has perfected a devolutive appeal within the delays of La.C.C.P. Art. 2087.[1]
*724 We have concluded that the applicable statute governing the pertinent delays herein is R.S. 13:4452, which states:
“An appeal from a judgment in a case involving the validity of bonds or certificates of indebtedness of a public board or corporation, or political subdivision of the state, or of taxes or assessments necessary to pay the principal and interest thereon, can be taken only within thirty days of the applicable date provided in Article 2087 (1-3) of the Code of Civil Procedure.” (Emphasis ours.)
In the case of Jacobs v. City of Baton Rouge, 262 La. 342, 263 So.2d 315 (1972), the Louisiana Supreme Court noted the underlying purpose of R.S. 13:4452 was “to provide for a speedy determination of matters involving bonds so as to facilitate their marketability.” The Jacobs case presented an attack on a ’ sales tax levied without voter approval. Defendant argued that plaintiff’s subsequent appeal was untimely under R.S. 13:4452. Plaintiff admitted that he had not filed the appeal within the delays of that statute, but argued nonetheless that the statute was inapplicable since he was not contesting the validity of bonds and further since the tax assailed was not necessary to pay principal and interest on bonds inasmuch as it had never been dedicated for that purpose. The court held that dedication of the tax to payment on the bonds was not required, but the mere fact that the tax was necessary for such payment was sufficient to invoke R.S. 13:4452.
We find in the instant case that proceeds of this sales tax are by law necessary to pay principal and interest on governmental bonds by virtue of the provisions under which the approved proposition provides that the bonds shall be issued, specifically Act No. 21 of the First Extraordinary Session of 1975. Section 5(B) of said act states in part:
“Bonds issued hereunder shall be payable solely from and secured by an irrevocable pledge and dedication of such part of the sales tax revenues as may be pledged thereto in the authorizing resolution.”
By subsequent resolution the %% sales tax being levied and collected by the Parish School Board of Terrebonne was dedicated to secure the bonds authorized in the December 13 election. It is interesting to note from Act No. 21 that it is only these proceeds which secure the bonds, so it could hardly be argued that they are not necessary to pay principal and interest thereon.
Plaintiff argues that R.S. 13:4452 has no application since the approved proposition does not make it mandatory that bonds even be issued by the School Board. If bonds are not issued, he argues, then the tax cannot be construed as necessary to pay principal and interest. We find no merit in this argument since it is clear that when and if bonds are issued the tax will be necessary to secure the same. We feel that the Legislative intent of R.S. 13:4552, to preserve and insure bond marketability through expedient determination of matters bearing on governmental bonds, applies regardless of whether the bonds have already been issued, as in Jacobs, supra, or have only been authorized by election, as here.
Since we have concluded that the thirty day period prescribed in R.S. 13:4452 is controlling herein, we need not pass upon the applicability of R.S. 13:5128 which provides an even shorter period of ten days.
Accordingly, for the above and foregoing reasons, appellant’s appeal is hereby dismissed at appellant’s costs.
APPEAL DISMISSED.

. We note that intermediate appellate courts now have appellate jurisdiction over the subject matter of controversies contesting the legality of a tax by virtue of an omission in Art. 5, Sect. 5(D)(1) of the La.Const. of 1974 of a provision formerly contained in Art. VII, Sect. 10(1) and (2) of the La.Const. of 1921 which conferred appellate jurisdiction in such disputes on the Louisiana Supreme Court. See, Southland Corp. v. Collector of Revenue for Louisiana, 318 So.2d 23 (La.1975).